IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RESER'S FINE FOODS, INC.,

           Plaintiff,

vs.                           Case No. 16-4150-SAC-KGS

H.C.SCHMIEDING PRODUCE CO., LLC.,
et al.,

           Defendants.

_____

H.C.SCHMIEDING PRODUCE CO., LLC.,

           Third-party Plaintiff,

vs.

MARK A. RESER, et al.,

           Third-party Defendants.

**MEMORANDUM AND ORDER**

    This case is before the court upon the motion for entry of default by third-party plaintiff H.C. Schmieding Produce Co. ("Schmieding").   The motion is brought pursuant to FED.R.CIV.P. 55(a) which provides that:   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

    Here, Schmieding has submitted an affidavit stating that it filed a third-party complaint on September 30, 2016 which named Sunterra Produce Traders Inc. ("Sunterra") as a defendant.   The

1

affidavit further states that Sunterra was served with a copy of the third-party complaint and summons in California and that the time for Sunterra to answer or otherwise move with respect to the complaint expired on October 24, 2016. Because Sunterra has not answered or responded to the complaint, Schmieding requests entry of default.

The court does not have jurisdiction over a defendant who has not been proper served. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). FED.R.CIV.P. 4(h)(1) governs the service of process upon a corporation in the United States. Rule 4(h)(1) permits service of process in the manner permitted for serving an individual under FED.R.CIV.P. 4(e)(1) or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant." Rule 4(e)(1) allows for service by following the state law for serving a summons in an action brought in courts in the state where the district court is located or where service is made.

The proof of service filed regarding Sunterra (Doc. No. 12) shows that Schmieding mailed the summons and complaint by certified mail addressed to "Sunterra Produce Traders" in

California and that the mailing was received and signed for by an agent identified as "Adrianne Q."[1] The federal rules do not permit service by mail except to the extent permitted in the state where a district court is located or where process is served. See Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir.) cert. denied, 531 U.S. 1036 (2000); Dyer v. Wal-Mart Stores, Inc., 318 Fed.Appx. 843, 844 (11th Cir. 2009); Azzawi v. Kellogg Brown and Root, 2015 WL 6460363 *2 (E.D.Cal. 10/26/2015); Colleton Preparatory Academy, Inc. v. Beazer East, Inc., 223 F.R.D. 401, 404 (D.S.C. 2004).

The state law in California requires that service upon a corporation be directed to a specific individual. Cal. Code Civ. Pro. § 416.10; Azzawi, supra; Hidalgo v. Aurora Loan Services, 2013 WL 4647550 *6 (S.D.Cal. 8/29/2013); Watts v. Enhanced Recovery Corp., 2010 WL 3448508 *3-4 (N.D.Cal. 9/1/2010). The law is the same in Kansas. While K.S.A. 60-303 allows for service of process by return receipt delivery effected by certified mail, K.S.A. 60-304(e) requires that service on a corporation be performed by serving an officer, manager, partner or a resident, managing or general agent and that "[s]ervice by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business." Here, the certified mail was not

---

[1] This could be incorrect. The name is difficult to make out on the receipt. Doc. No. 12, p. 3.

addressed to the officer, partner or agent at the person's usual place of business. Instead, it was addressed to the corporate defendant. This does not satisfy Kansas law. <u>Chambers v. Burger King</u>, 2016 WL 2848993 *1 (D.Kan. 5/16/2016); <u>Remmers v. Brotherhood of Maintenance of Way Employees Division</u>, 2012 WL 2449887 *2 (D.Kan. 6/27/2012); <u>Porter v. Wells Fargo Bank</u>, 257 P.3d 788, 791 (Kan.App. 2011); <u>Taylor ex rel. Gibbens v. Medicalodges, Inc.</u>, 2010 WL 3324408 *3 (Kan.App. 8/20/2010).

When it appears that service of process has not been properly completed, the court should not enter default. See <u>Maryland State Firemen's Ass'n v. Chaves</u>, 166 F.R.D. 353, 354 (D.Md. 1996); <u>Dahl v. Kanawha Inv. Holding Co.</u>, 161 F.R.D. 673, 685 (N.D.Iowa 1995). Therefore, for the reasons explained above, the court shall deny Schmieding's motion for entry of default (Doc. No. 43) without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2017, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

4